IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVIGILON USA CORPORATION, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1317-N |
| | § | |
| CANON INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiffs Avigilon USA Corporation and Avigilon Corporation's (collectively, "Avigilon") motion to dismiss [38] and motion to expedite decision on the motion to dismiss [60]. For the reasons set forth below, the Court grants the motion to dismiss and denies as moot the motion to expedite.

**I. ORIGINS OF THE DISPUTE**

This is a patent case. Avigilon USA is a Delaware corporation with business activities that include manufacturing and selling video surveillance systems. On October 5, 2017, Defendant Canon Inc. ("Canon") filed a related patent infringement suit (the "2733 Action") in this Court. *See* Complaint [1], *in Canon, Inc. v. Avigilon USA Corp., et al.*, No. 3:17-CV-2733-N (N.D. Tex. filed Oct. 5, 2017). On the same day, Avigilon filed the instant declaratory judgment action regarding the same dispute in the District of Massachusetts [1]. On May 23, 2018, the District of Massachusetts transferred the action to this Court [44].

## II. THE COURT GRANTS THE MOTION TO DISMISS

Avigilon now moves for voluntary dismissal of the instant action without prejudice under Federal Rule of Civil Procedure 41(a)(2) [38]. The Court grants Avigilon's motion.

### A. Massachusetts Law Governs the Parties' Dispute

As an initial matter, Massachusetts law governs the parties' dispute. When a case is transferred in from another district where venue was proper, courts in the Fifth Circuit apply the law of the transferor forum. *In re Ford Motor Co.*, 591 F.3d 406, 413 n.15 (5th Cir. 2009) (noting that "because forum-availability law is geographically non-uniform, a transferee court should use the rule of the transferor forum") (citations and internal quotation marks omitted)). Avigilon originally filed this action in the District of Massachusetts. The District of Massachusetts was a proper venue because as a foreign resident, Canon may be sued in any United States judicial district. *See* 28 U.S.C. § 1391(c)(3). Massachusetts law thus governs the parties' dispute. *See Ford*, 591 F.3d at 413 n.15.

### B. Legal Standard on Motion for Voluntary Dismissal Without Prejudice

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "[T]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (internal quotation marks omitted); *see also Cason v. P.R. Elec. Power Auth.*, 770 F.3d 971, 976 (1st Cir. 2014) (stating that "a district court should grant a motion for voluntary dismissal unless a defendant can

show that it would suffer some plain legal prejudice as a result thereof, as opposed to facing the mere prospect of a second lawsuit") (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 161 (1st Cir. 2000)).

In deciding whether to grant a motion for voluntary dismissal without prejudice, courts in the First Circuit consider the following factors: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "the fact that a motion for summary judgment has been filed by the defendant." *Urohealth*, 216 F.3d at 160 (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). These factors are nonexclusive and "courts need not analyze each factor or limit their consideration to these factors." *Urohealth*, 216 F.3d at 160 (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)). Instead, the factors serve as a "guide for the trial judge, in whom the discretion ultimately rests." *Tyco*, 627 F.2d at 56.

### C. The Court Grants Avigilon's Motion to Dismiss

Here, each of the relevant factors weighs in favor of granting Avigilon's motion for voluntarily dismissal without prejudice. First, Canon has undertaken minimal effort and expense in preparation for trial. Canon's actions in this suit have consisted of answering Avigilon's complaint, moving to transfer venue, and approving monthly joint status reports – which Avigilon prepared – to the Court. The parties have engaged in no fact or expert discovery, and no dates have been set for claim construction briefing, a *Markman* hearing, or trial. Second, Avigilon has diligently prosecuted this action. Avigilon filed this action on

the same day that Canon filed the 2733 Action, and Avigilon timely responded to Canon's motion to transfer. Third, Avigilon has sufficiently explained its reasons for seeking dismissal. Avigilon has already asserted in the 2733 Action all of its defenses and counterclaims in the instant action. It states that dismissing the instant action without prejudice will conserve the parties' and the Court's resources and avoid unnecessarily duplicative actions. And finally, Canon has not filed a motion for summary judgment. Dismissal without prejudice is thus appropriate. *See Urohealth*, 216 F.3d at 160.

Instead of addressing the factors regarding dismissal without prejudice, Canon responds only that it will suffer legal prejudice if this case is dismissed. It asserts that dismissal will strip it of a legal defense – namely, the statutory bar currently preventing Avigilon from filing a petition for *inter partes* review ("IPR") before the Patent Trial and Appeal Board. *See* 35 U.S.C. § 315(a)(1) ("An inter partes review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."). But Canon cites no authority stating that the potential for an accused infringer to file an IPR petition qualifies as legal prejudice justifying denial of a motion for voluntary dismissal without prejudice. Instead, Canon cites a number of cases involving the loss of statute of limitations defenses, which are an absolute bar to suit. But section 315(a)(1) is not an absolute bar to suit. It is a prohibition on filing an IPR petition that the party seeking IPR may cure by voluntarily dismissing the declaratory judgment action without prejudice. *See, e.g.*, *Resmed Ltd. v. Fisher & Paykel Healthcare Ltd.*, IPR2016-01719, 2017 WL 1014404, at *2

(P.T.A.B. Mar. 13, 2017) (noting that prior Patent Trial and Appeals "Board decisions have consistently interpreted 35 U.S.C. § 315(a)(1) as not barring *inter partes* review where the previously filed civil action was dismissed without prejudice" (citations omitted)). Avigilon was thus never absolutely barred from filing a petition for IPR. And the First Circuit has held that "[n]either the prospect of a second suit nor a tactical advantage to the plaintiff should bar" voluntary dismissal. *Leith*, 668 F.2d at 50. The possibility that Avigilon will seek IPR upon the dismissal of this action – or that Avigilon may gain some tactical advantage through IPR proceedings – is therefore not sufficiently prejudicial to Canon to warrant denying Avigilon's motion to dismiss.

The relevant factors all weigh in favor of dismissing the instant action without prejudice. And because Canon never possessed an absolute bar to Avigilon's submitting an IPR petition, it will not suffer plain legal prejudice from a voluntary dismissal. The Court thus grants Avigilon's motion to dismiss.

### *D. The Court Denies Canon's Motion for Fees and Costs*

Canon seeks an award of costs and attorneys' fees associated with the instant action, arguing that Avigilon's actions have forced it to incur unnecessary expenses. *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). In moving to transfer venue out of the Northern District of Texas in the 2733 Action, Avigilon

claimed that its Dallas office was forever closed. But Avigilon has now withdrawn its venue challenge and argues that the instant action is unnecessary and duplicative of the 2733 Action. Canon argues that the instant action was never necessary, and that Avigilon was engaged in gamesmanship for which it should pay. But Avigilon withdrew its motion to transfer venue in light of changed circumstances, including its recent acquisition by Motorola and the chance that it would reopen its Dallas office. Avigilon has not acted in bad faith or otherwise "multiplied the proceedings in [this] case unreasonably and vexatiously." *See id*. The Court thus denies Canon's request for costs and fees.

## Conclusion

The Court grants Avigilon's motion to dismiss without prejudice [38] and denies Canon's request for costs and fees. The Court denies as moot Avigilon's motion to expedite [60].

Signed August 16, 2018.

_____
David C. Godbey
United States District Judge